# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| ACIMA DIGITAL, LLC, *et al.*, <br><br> *Plaintiffs* <br><br> v. <br><br> CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*, <br><br> *Defendants*. | Case No. 4:24-cv-00662-SDJ |

### DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants respectfully move this Court to stay discovery, pending resolution of Defendants' concurrently filed Motion to Dismiss ("Motion"). *See* ECF No. 14. As the Motion explains, Plaintiffs are two Utah companies and their Utah resident co-founder and former CEO who raced to this Court in an attempt to preempt the then-imminent civil law enforcement action that the CFPB has now filed against them in the District of Utah. Their bid to obtain what they apparently see as a tactical advantage should fail because, as the Motion also explains, this improper suit seeks unavailable relief from the wrong court.

This Court should stay discovery while it considers the motion to dismiss to limit the waste of resources created by this improper case. A stay is appropriate because the Motion makes multiple substantial arguments why this suit is improper and, if granted, will entirely dispose of all claims and preclude the need for discovery altogether. Regardless, Plaintiffs would suffer no prejudice from the stay. Plaintiffs' evident desire to win the race to *res judicata* that they triggered by filing this suit is no reason to expend the resources of both parties (and possibly

1

this Court) on potentially complex and otherwise burdensome discovery issues before this Court determines whether this case should proceed at all.

## ARGUMENT AND AUTHORITY

This Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). A "court may, for example, stay discovery for 'good cause' under Federal Rule of Civil Procedure 26(c)(1)." *Spadafora v. Hotel Rsrv. Serv., Inc.*, No. 4:23-cv-735-SDJ, 2023 WL 11762558, at *1 (E.D. Tex. Dec. 29, 2023) (Jordan, J.). Good cause for a stay exists when "resolving a motion to dismiss might reduce or preclude the need for discovery or when further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions." *James J. Flanagan Shipping Corp. v. Port of Beaumont of Jefferson Cnty.*, No. 1:20-cv-191, 2020 WL 4365595, at *1 (E.D. Tex. July 29, 2020) (cleaned up). Staying discovery is especially appropriate when a pending motion to dismiss raises "substantial arguments" for dismissal, *Spadafora*, 2023 WL 11762558, at *1, and turns on issues that are "largely legal rather than factual in nature," *Smith v. Potter*, 400 F. App'x 806, 813 (5th Cir. 2010). In ruling on a motion to stay, this Court has also considered whether a stay would prejudice the non-movant. *See, e.g., Gardner v. Gary Sinise Found.*, No. 4:23-cv-99-SDJ, 2023 WL 5987397, at *1 (E.D. Tex. June 5, 2023) (Jordan, J.). All of these considerations favor staying discovery in this case.

To start, the CFPB's Motion raises numerous "substantial arguments" that this improper and duplicative anticipatory suit should be dismissed in its entirety. *See Spadafora*, 2023 WL 11762558, at *1 (staying discovery where pending motion "provide[d] substantial arguments for dismissal of many, if not all, of Plaintiff's claims"). This Court should dismiss Plaintiffs' claims

under the Declaratory Judgment Act for the same reason it has dismissed similar claims before: because this improper and duplicative "anticipatory filing creates issues of forum shopping and fairness and frustrates judicial economy." *Sally Holdings LLC v. Bd. Ams., Inc.*, No. 4:22-cv-285-SDJ, 2023 WL 4424599, at *7 (E.D. Tex. July 10, 2023) (Jordan, J.); *see also* Mot. at Section III. Beyond that, Plaintiffs cannot, as a matter of law, obtain an injunction against the CFPB's enforcement action because they can raise every claim asserted here as a defense there, which means they have an adequate remedy at law and risk no irreparable injury. *Id*. at Section II.A. And they lack (or have lost) standing to seek an injunction against the CFPB's now-concluded investigation or some hypothetical future action by the CFPB that they provide no reason to believe is imminently or certainly impending. *Id.* at Section II.B. Plaintiffs' claims are also unripe, *id.* at Section IV, and filed in the wrong venue to boot, *id*. at Section I.

Given these substantial arguments, there is ample reason to believe that resolving the Motion "might preclude the need for discovery altogether." *Spadafora*, 2023 WL 11762558, at *1. Most of the grounds for dismissal present purely legal questions that, either alone or in combination, could dispose of this case entirely. And while two of the grounds for dismissal—venue and standing—could hypothetically implicate factual disputes, there is no reason to

believe either issue would actually require any discovery.[1] Especially because this Court could also dismiss this entire case on other, purely legal grounds, permitting discovery to proceed now would "impose undue burden or expense without aiding the resolution of the [CFPB's pending] dispositive motion[]." *See James J. Flanagan Shipping Corp.*, 2020 WL 4365595, at *1. There is thus no good reason to subject the CFPB to the burdens of discovery—particularly merits discovery that is more likely to be unduly burdensome—in this entirely improper anticipatory suit.

Finally, a stay is particularly appropriate in this case because it would impose no prejudice on Plaintiffs. *See Gardner*, 2023 WL 5987397, at *1 (staying discovery where plaintiff "fail[ed] to articulate any harm that he [would] suffer from the imposition of [the] stay"). If the Motion is denied, Plaintiffs can seek whatever discovery they need at that time without having suffered any harm to their position in this litigation. Plaintiffs, moreover, cannot plausibly claim even perceived urgency requiring rapid resolution of their dispute with the CFPB. The fastest path to resolution would have been for Plaintiffs to promptly raise their claims as defenses in the Utah enforcement action. Instead, Plaintiffs have filed three motions seeking to stay or transfer that case and to suspend their deadline for responding to the CFPB's complaint. *See* Acima Mot.

---

[1] As for venue, the Motion explains that Plaintiffs fail to allege any facts to support their assertion that venue lies here because "a substantial part of the events or omissions giving rise to" their claims occurred in this district. Mot. at Section I. While Plaintiffs could now raise additional factual assertions that they omitted from their Amended Complaint, what they have alleged so far provides no reason to believe that even limited discovery on venue issues is or will ever be necessary. Discovery is even less likely to be needed to assess Plaintiffs' standing to seek injunctions against a now-completed investigation or hypothetical future agency actions. An injunction necessarily could not redress the past injury Plaintiffs claim from the now-completed investigation, and Plaintiffs do not point to any "certainly impending" future regulatory action they have standing to enjoin. *See id.* at Section II.B–C.

to Transfer or, in the Alternative, to Stay at 4–8, Utah ECF No. 11[2] (arguing Utah action should be transferred to this Court under first-to-file rule and 28 U.S.C. § 1404(a) or should be stayed); Allred Mot. to Transfer or, in the Alternative, to Stay; and Request for Extension, Utah ECF No. 15 (joining Acima's motion to transfer or stay and seeking stay of deadline to respond to CFPB's complaint); Defs.' Expedited Mot. to Stay or Extend Deadline, Utah ECF No. 17 (seeking to stay or extend deadline to respond to CFPB's complaint). It is therefore clear that Plaintiffs have no (legitimate) interest to protect by pressing forward with discovery here (and only here) before threshold issues are resolved.

## CONCLUSION

For the reasons stated above, the Court should stay discovery pending resolution of Defendants' Motion to Dismiss.

---

[2] "Utah ECF No." refers to docket entries in *CFPB v. Acima Holdings, LLC et al.*, No. 2:24-cv-00525-DBB (D. Utah).

DATED:  September 23, 2024

Respectfully Submitted,

SETH FROTMAN
General Counsel

STEVEN Y. BRESSLER
Deputy General Counsel

KRISTIN BATEMAN
Assistant General Counsel

*s/ Derick Sohn*
DERICK SOHN
JOSEPH FRISONE
Senior Counsels
Consumer Financial Protection Bureau
1700 G St. NW
Washington, D.C. 20552
Derick.Sohn@cfpb.gov
Joseph.Frisone@cfpb.gov
(202) 435-7873 (Sohn)
(202) 435-9287 (Frisone)

**CERTIFICATE OF CONFERENCE**

I hereby certify that on September 20, 2024, I complied with the meet and confer requirement in Local Rule CV-7(h) by meeting and conferring in good faith with Plaintiffs' counsel via videoconference. The participants were: (1) for Defendants, Derick Sohn and Joseph Frisone; and (2) for Plaintiffs, Brad Bondi, Nicholas Griepsma, David Klaudt, Steven Shuldman, and Tierney E Smith. During the conference, Plaintiffs' counsel stated that they opposed a stay of discovery because they believe that discovery should proceed while the Court considers Defendants' Motion to Dismiss. Discussions conclusively resulted in an impasse, and Court intervention is necessary.

                                                   s/ *Derick Sohn*
                                                   DERICK SOHN