## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

|  |  |
|---|---|
| **ACIMA DIGITAL, LLC, ACIMA HOLDINGS, LLC,** and **AARON ALLRED**, | |
| *Plaintiffs*, | |
| *v.* | Civil Action No. 4:24-cv-00662 |
| **CONSUMER FINANCIAL PROTECTION BUREAU** and **ROHIT CHOPRA**, in his official capacity as Director of the CFPB, | |
| *Defendants*. | |

## <u>PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY</u>

Defendants' motion to stay discovery should be denied.

A stay of discovery is "very rare" and "almost never wise." *N.H. v. Castilleja*, No. 4:22-CV-00436, 2023 WL 149989, at *4 (E.D. Tex. Jan. 10, 2023) (citation omitted). It is "the exception rather than the rule." *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, No. 3:08-CV-0774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008). "[H]ad the Federal Rules contemplated that a motion to dismiss under [Rule 12(b)(6)] would stay discovery, the Rules would contain a provision to that effect." *Dexon Computer, Inc. v. Cisco Sys., Inc.*, No. 5:22-cv-53-RWS-JBB, 2022 WL 22375187, at *1 n.1 (E.D. Tex. Sept. 7, 2022). Despite this settled presumption in favor of allowing discovery to proceed, Defendants Consumer Financial Protection Bureau and Rohit Chopra nevertheless seek to stay discovery pending resolution of their Motion to Dismiss. ECF No. 14. The Federal Rules of Civil Procedure, relevant case law, and considerations of fairness and judicial efficiency all support a typical discovery schedule here. Defendants have not

1

shown good cause for a stay, and a stay would prejudice Plaintiffs.  Defendants' motion to stay should be denied.

## ARGUMENT AND AUTHORITIES

### I.     Defendants' Cannot Establish Good Cause To Stay Discovery.

There is no valid basis for a stay.  Although the Court has discretion to impose a stay "for good cause shown," Fed. R. Civ. P. 26(c)(1), "there is a strong presumption in favor of discovery, and it is the party who moves for a stay that bears the burden of overcoming this presumption." *Castilleja*, 2023 WL 149989, at *4; *accord Morrow v. City of Tenaha*, *Deputy City Marshal Barry Washington*, No. 2-08-CV-288-TJW, 2010 WL 3057255, at *1 (E.D. Tex. July 30, 2010).  Good cause requires that "the party from whom discovery is sought shows that it would suffer 'annoyance, embarrassment, oppression or undue burden or expense' absent a stay." *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 767 (W.D. Tex. 2008) (citation omitted).  Defendants have not (and cannot) overcome the "strong presumption" that discovery should proceed here in the ordinary course.

This is not one of the rare instances where a stay is appropriate.  Courts entertain a stay of discovery only in rare instances "where the complaint was utterly frivolous, or filed merely in order to conduct a 'fishing expedition' or for settlement value." *Hernandez v. Baylor Univ.*, No. 6-16-CV-069 RP, 2016 WL 9450693, at *2 (W.D. Tex. Sept. 21, 2016).  That is not the case here. Defendants' motion is "not as 'clear cut' as [they] allege[]." *Glazer's Wholesale Drug Co.*, 2008 WL 2930482, at *1 (denying motion to stay).  As demonstrated in Plaintiffs' opposition, the legal and procedural arguments in Defendants' motion to dismiss are neither dispositive nor likely (much less certain) to succeed.  *See* ECF No. 21 at 1–2.

2

Predictably, Defendants proclaim that their motion "will entirely dispose of all claims," ECF No. 15 at 1, but "the same could be said of many if not most motions to dismiss pursuant to Rule 12(b)(6)." *Hernandez*, 2016 WL 9450695, at *2.  That is particularly so here, where several of Defendants' arguments for dismissal question whether Plaintiffs raised sufficient allegations to establish venue and standing.  *See, e.g.*, *Boltex Mfg. Co., L.P. v. ULMA Forja, S. Coop*, No. CV H-17-1400, 2017 WL 7798667, at *1 (S.D. Tex. Oct. 24, 2017) (defendants' motion to dismiss did not merit a stay where some of the challenges were to the "sufficiency of plaintiff's pleadings"). The challenges to venue and standing are particularly inappropriate grounds to stay discovery, as Defendants themselves tacitly recognize.  *See* ECF No. 15 at 3–4.  In fact, Defendants' arguments concerning venue and standing themselves may require discovery to resolve, further underscoring the impropriety of a stay at this juncture.  *See Hernandez*, 2016 WL 9450693, at *2.

Defendants' self-serving assertion that they will prevail on their motion to dismiss is, without more, insufficient to establish that the narrow criteria for a stay of discovery are satisfied here.  Courts in this Circuit hold that a party's subjective believe that it will prevail on a motion to dismiss is not enough to justify a stay of discovery.  *See X Corp. v. Media Matters for Am.*, No. 4:23-CV-01175-O, 2024 WL 1895255, at *2 (N.D. Tex. Apr. 26, 2024) ("[A] stay should not be granted simply because a party believes it will prevail on its dispositive motion."); *Ford Motor Co. v. U.S. Auto Club, Motoring Div., Inc.*, No. 3-07-CV-2182-L, 2008 WL 2038887, at *1 (N.D. Tex. Apr. 24, 2008) ("The court declines to stay discovery merely because defendant believes it will prevail on its motion to dismiss."); *AIG Specialty Ins. Co. v. Agee*, No. CV 22-5410, 2023 WL 5565063, at *2 (E.D. La. Aug. 29, 2023) ("Nor is a stay of discovery permitted merely because defendant believes it will prevail on its motion to dismiss[.]").  That hollow subjective belief is all

Defendants have offered here, and their motion to stay should be denied for failure to establish good cause.

## II.    Plaintiffs Will Suffer Prejudice From A Stay.

Contrary to Defendants' assertions, Plaintiffs would suffer significant prejudice from a delay to discovery and the orderly progression of this litigation.  Plaintiffs seek declaratory and injunctive relief to end an unconstitutional and *ultra vires* four-year investigation and enforcement action by the CFPB.  This ongoing and unlawful targeting and harassment of Plaintiffs by Defendants itself constitutes prejudice.  In all events, Plaintiffs are entitled to a speedy resolution of their claims.  *See, e.g.*, *Terwilliger v. Stroman*, No. 1:16-CV-00599-ADA, 2020 WL 3490222, at *5 (W.D. Tex. June 26, 2020) (denying a total stay of discovery given the "substantial harm that [p]laintiffs[] face . . . along with the public interest in expediency and case resolution").  Courts in this District have recognized that "public interest . . . favors speedy resolution of disputes," and stays therefore are prejudicial.  *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, No. 2:17-CV-00235-JRG, 2018 WL 2722051, at *4 (E.D. Tex. June 6, 2018).

Defendants took the position at the Parties' Rule 26(f) conference that multiple aspects of Plaintiffs' claims involve questions of fact and will require discovery.  To the extent Defendants have taken the position that discovery is required, Plaintiffs are entitled to discovery to identify and investigate promptly any purported questions of fact.  For that reason, a stay of discovery would be particularly prejudicial to Plaintiffs given Defendants' demonstrated intention to continue their unconstitutional enforcement activities against Plaintiffs while a stay remains in place.  Defendants cannot have it both ways.  Defendants should not be permitted to run out the clock on this action, especially because Plaintiffs' suit is neither frivolous nor a fishing expedition.

Defendant CFPB—an agency with considerable resources—also does not claim that it would suffer *any* prejudice from permitting Plaintiffs to conduct discovery into the legitimacy of Defendants' actions and whether those actions are within the scope of the CFPB's constitutional and statutory authority.  Lacking the constitutional and statutory authority, Defendants have subjected Plaintiffs to four years of one-sided, costly, burdensome, and unfettered investigative probing; Plaintiffs now are entitled to the lawful discovery permitted in federal court associated with their declaratory judgment action.  To avoid further harm and prejudice to Plaintiffs from the CFPB's *ultra vires* activity, and to ensure the legal limits on the agency's authority are respected, Plaintiffs should be permitted to conduct discovery in the ordinary course.

## CONCLUSION

Defendants have not demonstrated good cause to justify the exceptional remedy of a stay of discovery.  Plaintiffs respectfully request that the Court deny Defendants' Motion to Stay Discovery.

Dated:  October 28, 2024

Respectfully submitted,

*/s/ Paul R. Genender*

Bradley J. Bondi (admitted *pro hac vice*)
bradbondi@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, DC 20036
Telephone: (202) 551-1700
Facsimile: (212) 551-0201

Paul R. Genender (Texas Bar No. 00790758)
paulgenender@paulhastings.com
Manuel G. Berrelez (Texas Bar No. 24057760)
manuelberrelez@paulhastings.com
PAUL HASTINGS LLP
2001 Ross Avenue, Suite #700-168
Dallas, Texas 75201
Telephone: (972) 936-7500
Facsimile: (972) 936-7501

Matthew P. Previn (admitted *pro hac vice*)
matthewprevin@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6049
Facsimile: (212) 551-0201

*Counsel for Plaintiffs Acima Digital, LLC and Acima Holdings, LLC*

*/s/ David W. Klaudt*

David W. Klaudt (Texas Bar No. 00796073)
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3616
David.klaudt@gtlaw.com

*Counsel for Plaintiff Aaron Allred*

*/s/ Tierney Smith*

Tierney Smith*
GOODWIN PROCTER LLP
1900 N. St. NW
Washington, DC 20036
Telephone: (206) 346-4019
tierneysmith@goodwinlaw.com
*admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I certify that on the 28th day of October, 2024, a copy of the foregoing was served on all

counsel of record via the Electronic Filing System.

*/s/ Paul R. Genender*

Paul R. Genender