**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| ACIMA DIGITAL, LLC, *et al.*, | |
| *Plaintiffs* | |
| v. | Case No. 4:24-cv-00662-SDJ |
| CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*, | |
| *Defendants*. | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY**

**INTRODUCTION**

Plaintiffs' Opposition confirms that a stay of discovery is warranted. Plaintiffs seek to raise the bar for such a stay with arguments that discovery should only be stayed pending resolution of a motion to dismiss if a complaint is "frivolous," but that is not the law. This Court has previously stayed discovery where a defendant raised "substantial" or "significant" arguments for dismissal, and the CFPB has made such arguments here. Besides, as authority cited in the CFPB's Motion to Dismiss makes clear, Plaintiffs' improper anticipatory suit *is* frivolous. Good cause therefore exists to stay discovery.

Plaintiffs also fail to establish any prejudice that would weigh against a stay of discovery. Their claimed interest in speedy resolution of their claims is both implausible on its face and belied by Plaintiffs' efforts to stall the CFPB's enforcement action in Utah. Additionally, permitting discovery to proceed would unnecessarily waste resources by pointlessly duplicating part of the discovery required to resolve the Utah action, and thereby prejudice the CFPB.

The Court should therefore stay discovery pending resolution of the CFPB's pending Motion to Dismiss.

**ARGUMENT**

I.    **There is good cause to stay discovery.**

As explained in the CFPB's Motion, there is good cause to stay discovery because this entire case should be dismissed. Mot. 2–3. Plaintiffs misstate the law in suggesting that a stay is appropriate only if a complaint is "utterly frivolous." Opp. 2 (quoting *Hernandez v. Baylor Univ.*, 2016 WL 9450693, at *2 (W.D. Tex. Sept. 21, 2016)). In doing so, they ignore that this Court has stayed discovery when a motion to dismiss raised "substantial arguments" that "might reduce or preclude the need for discovery." *Spadafora v. Hotel Rsrv. Serv., Inc.*, 2023 WL 11762558, at *1 (E.D. Tex. Dec. 29, 2023) (Jordan, J.); *see also Gardner v. Gary Sinise Found.*,

2023 WL 5987397, at *1 (E.D. Tex. June 5, 2023) (Jordan, J.) (staying discovery where motion

to dismiss raised "significant procedural and substantive challenges" to the complaint).

Here, the CFPB has certainly raised "substantial" arguments, including "significant

procedural and substantive challenges," warranting dismissal of this suit. As explained in the

CFPB's Motion to Dismiss and Reply in support of that Motion, this case is a clearly improper

anticipatory suit that was filed in the wrong court and cannot achieve anything that Plaintiffs

could not more efficiently pursue by straightforwardly litigating the CFPB's pending

enforcement action. ECF No. 14 at 7–26; ECF No. 23 at 1–10. Tellingly, Plaintiffs' Opposition

to the Motion to Dismiss does not point to a single case in which a court permitted a case like

this one—i.e., a case intended to preempt a government enforcement action—to proceed. *See*

*generally* ECF No. 21. Indeed, as the Seventh Circuit held in a similar case, a plaintiff's "attempt

to derail [an agency's] suit by filing his own suit against the [agency] rather than seeking relief in

that suit has no basis in law or common sense, and indeed is … seriously frivolous." *See*

*Buntrock v. SEC*, 347 F.3d 995, 997 (7th Cir. 2003). So too here. Accordingly, even if Plaintiffs

were correct that discovery should be stayed only when a case is "frivolous," that requirement

would be met here.

Further, Plaintiffs' self-serving assertion (at 3) that the CFPB's arguments on venue and

standing "may require discovery" should be ignored because Plaintiffs have not raised or

identified any factual dispute about those issues that requires discovery to resolve. No discovery

is required to determine that, as is explained in the CFPB's Reply in support of its motion to

dismiss, Plaintiffs do not contend that the CFPB engaged in any relevant conduct in this district.

*See* ECF No. 23 at 1–2. Nor is discovery required to determine that the vague assertion Plaintiffs

do make—i.e., that unspecified corporate decisions pertaining to Acima are currently made in

Plano—is insufficient to meet their burden to establish that venue is proper in this Court. *See id.* at 2. Discovery is also not required to determine that Plaintiffs lack standing to seek an injunction barring hypothetical future action by the CFPB. That's because, as is also explained in the CFPB's Reply, the only factual allegation Plaintiffs make on that point—i.e., that the CFPB has filed one enforcement action against them—is insufficient to establish that future regulatory action by the CFPB is "certainly impending." *See id* at 5 (citing *James v. Hegar*, 86 F.4th 1076, 1081 (5th Cir. 2023) (citation omitted)).

Because the CFPB's pending Motion to Dismiss raises substantial arguments warranting dismissal of this case, and which require no discovery to resolve, there is good cause to stay discovery.

**II.    A stay will not prejudice Plaintiffs and will avoid prejudice to the CFPB.**

A stay of discovery is particularly appropriate because it would in no way prejudice Plaintiffs. Plaintiffs claim (at 4) that the existence of the CFPB's enforcement action "itself constitutes prejudice" and that they are "entitled to a speedy resolution of their claims," but staying discovery in this case in no way impacts Plaintiffs' ability to expeditiously resolve their constitutional and statutory arguments. Plaintiffs do not dispute that, as the CFPB pointed out in its Motion, "[t]he fastest path to resolution would have been for Plaintiffs to promptly raise their claims as defenses in the Utah enforcement action." ECF No. 15 at 4. Nor can Plaintiffs dispute that the availability of that path eliminates any possible prejudice to them: After all, they have argued to the Utah court that their request to stay that case "would not prejudice the CFPB" because the CFPB "is free to counter Acima's statutory arguments" in this litigation.[1] Acima

---

[1] Staying the Utah action would in fact prejudice the CFPB for reasons that do not apply to a stay of discovery in this case. As explained in the CFPB's Motion to Dismiss, even if Plaintiffs

Mot. to Transfer or, in the Alternative, to Stay at 9, Utah ECF No. 11.[2] That Plaintiffs have

sought to *delay* resolution of their arguments in the Utah action—including by seeking and

obtaining a stay of their deadline to respond to the CFPB's complaint, *see* Mot. 3–4; Utah ECF

No. 17 (granting Acima's and Allred's requests to stay response deadline)—demonstrates that

Plaintiffs' supposed interest in expeditious resolution of their claims is pretextual, and that any

supposed prejudice would be self-inflicted.

Plaintiffs are also wrong to argue (at 5) that the CFPB would suffer no prejudice if a stay

of discovery is denied. Permitting discovery to proceed will waste the CFPB's resources (not to

mention the resources of two courts and of Plaintiffs themselves) by duplicating discovery that

should be conducted in the context of the Utah action. Nor could that problem be solved by

permitting discovery to proceed only here: As is explained in the CFPB's Motion to Dismiss, the

Utah action involves claims that are not at issue in this litigation, ECF No. 14 at 17–18, and

which may require discovery to resolve. It is obviously most efficient for discovery necessary for

the parties' entire dispute to be handled together, rather than split up and duplicated between two

---

succeeded on all their claims in this litigation, at least some parts of the Utah action would still
go forward at some point. ECF No. 14 at 17–18. Staying that entire case until this Court resolves
only the issues that overlap between both litigations would therefore unnecessarily delay
resolution of the CFPB's claims against Plaintiffs, and thereby prejudice the public interest in
enforcing the law and in protecting consumers harmed by Plaintiffs' unlawful conduct. *See FDIC
v. Renda*, 1987 WL 348635, at *5 (D. Kan. Aug. 6, 1987) (holding that the "public has a keen
interest in the swift resolution of the issues involved in this [enforcement] action, as well as in
the payment of damages if liability should be established."); *FTC v. Nudge, LLC*, 2021 WL
254110, at *2 (D. Utah Jan. 26, 2021) (recognizing that staying a government enforcement action
both "risks diminution of the accuracy of witness memories" and "threatens a loss of funds
available to compensate" those harmed by alleged violations of law).

[2] "Utah ECF No." refers to docket entries in *CFPB v. Acima Holdings, LLC et al.*, No. 2:24-cv-
00525-DBB (D. Utah).

litigations. Permitting discovery to proceed would therefore create unnecessary waste that will

prejudice the CFPB.

## <u>CONCLUSION</u>

For the reasons stated above, the Court should stay discovery pending resolution of

Defendants' Motion to Dismiss.


DATED: November 25, 2024                          Respectfully Submitted,

                                                  SETH FROTMAN
                                                  General Counsel

                                                  STEVEN Y. BRESSLER
                                                  Deputy General Counsel

                                                  KRISTIN BATEMAN
                                                  Assistant General Counsel

                                                   *s/ Derick Sohn*
                                                  DERICK SOHN
                                                  JOSEPH FRISONE
                                                  Senior Counsel
                                                  Consumer Financial Protection Bureau
                                                  1700 G St., NW
                                                  Washington, DC 20552
                                                  Derick.Sohn@cfpb.gov
                                                  Joseph.Frisone@cfpb.gov
                                                  (202) 435-7873 (Sohn)
                                                  (202) 435-9287 (Frisone)